# UNITED STATES DISTRICT COURT
for the
**Western District of Kentucky**
**Louisville Division**

| | |
|---|---|
| Christopher E. Druckenmiller )<br>*Plaintiff* )<br> )<br>v. )<br> )<br>GLA Collection Co., Inc. )<br>*Defendant* )<br>Serve: )<br>   Michael L. Lynch )<br>   2630 Gleeson Lane )<br>   Louisville, KY 40299 )<br>_____) | Case No.<br><br>3:17-CV-386-CRS |

## COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action brought by a consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 - 1692o ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681p. Venue is proper, because many of the relevant events affected and/or damaged a consumer living within Jefferson County, Ky., which is located within this District.

### PARTIES

3. Plaintiff Christopher Druckenmiller is a natural person who resides in Jefferson County, Ky. Mr. Druckenmiller is a "consumer" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4. Defendant GLA Collection Co., Inc. ("GLA") is a third-party debt collector whose principal office is located at 2630 Gleeson Lane, Louisville, KY 40299.

5. GLA's principal purpose is the collection of debts. GLA regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

6. Like many of his fellow citizens, Mr. Druckenmiller was caught and swept away in the Great Recession of 2008.

7. Ever since, Mr. Druckenmiller has been working hard to right his economic ship.

8. As part of his efforts, Mr. Druckenmiller pays close attention to his consumer credit reports, working on cleaning up false, inaccurate, and stale information.

9. Upon review of his credit reports, Mr. Druckenmiller discovered a medical debt furnished by GLA to one or more consumer reporting agencies ("CRA's").

10. Commonwealth Oral and Maxillofacial Surgery ("Oral Max") originated the medical debt at issue.

11. GLA reported the amount due and owing on the Oral Max debt at $39.00.

12. GLA furnished negative information concerning Mr. Druckenmiller in connection with the Oral Max debt to one or more consumer reporting agencies in an attempt to collect a debt from him within the meaning of the FDCPA. *Sullivan v. Equifax, Inc.*, CIV.A. 01-4336, 2002 WL 799856 (E.D. Pa. Apr. 19, 2002) ("[R]eporting a debt to a credit reporting agency is 'a powerful tool designed, in part, to wrench compliance with payment terms.'").

13. Mr. Druckenmiller incurred the Oral Max debt for personal or family purposes, which makes the Oral Max debt a "debt" within the meaning of the FDCPA.

14. Mr. Druckenmiller contacted GLA for purposes of paying off the Oral Max debt and to delete it from his consumer credit reports.

15. Mr. Druckenmiller spoke with a GLA employee or representative who identified himself as Bob Vittitow.

16. Mr. Vittitow told Mr. Druckenmiller that GLA had two other accounts/debts owed by Mr. Druckenmiller that had been referred to GLA for collection: **(1)** a debt to the Shively Animal Clinic in the amount of $3.00, and **(2)** a debt to ULP Family Medical in the amount of $15.00.

17. Mr. Druckenmiller incurred the Shively Animal Clinic and ULP Family Medical debts for personal, family, and/or household purposes, which makes the Shively Animal Clinic

and ULP Family Medical debts both a "debt" within the meaning of the FDCPA.

18. According to account statements provided by GLA, Mr. Druckenmiller incurred the Shively Animal Clinic debt on March 15, 2012.

19. Mr. Druckenmiller filed a petition for Chapter 7 Bankruptcy relief in the U.S. Bankruptcy Court for the Western District of Kentucky on May 16, 2012 under Case No. 12-32301.

20. The Bankruptcy Court issued a discharge in Mr. Druckenmiller's case on August 14, 2012.

21. Consequently, the Shively Medical debt was discharged in Mr. Druckenmiller's bankruptcy case.

22. Mr. Vittitow told Mr. Druckenmiller that he had to pay off the Oral Max, Shively Animal Clinic, and ULP Family Medical debts before GLA would delete the Oral Max debt from his consumer credit reports, *i.e.* GLA forced Mr. Druckenmiller to pay off the two debts not appearing on his credit report in addition to the debt appearing on his credit report as condition of deleting the one debt that was being reported on his credit report.

23. So GLA required Mr. Druckenmiller to pay off a discharged debt before it would agree to delete the Oral Max debt from his credit report.

24. GLA violated the FDCPA by **(1)** denying Mr. Druckenmiller his right to direct to which debt he could pay; and **(2)** collecting and attempting to collect a discharged debt, *i.e.* a debt Mr. Druckenmiller did not legally owe.

## CLAIMS FOR RELIEF

25. The foregoing acts and omissions by GLA Collection Co., Inc. constitute violations of the FDCPA including but not limited to violations of 15 U.S.C. § 1692e, 15 U.S.C. § 1692f, and 15 U.S.C. § 1692h.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Christopher Druckenmiller requests that the Court grant him the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff maximum statutory damages against Defendant;

3. Award Plaintiff reasonable attorney's fees and costs;

4. A trial by jury; and and

5. Such other relief as may be just and proper.

Respectfully submitted,

/s/ James H. Lawson
**James H. Lawson**
*Lawson at Law, PLLC*
115 S. Sherrin Avenue, Suite #4
Louisville, KY 40207
Tel:   (502) 473-6525
Fax:   (502) 473-6561
james@kyconsumerlaw.com